**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-03-389 |
| | § | |
| TIMOTHY LYNN ALLEN, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO ADJUST SENTENCE AND
ORDER DENYING WITHOUT PREJUDICE MOTION FOR TRANSCRIPTS**

Pending before the Court are two motions recently filed by Defendant Timothy Lynn Allen ("Allen"). (D.E. 40, 41.) The first is titled as a "Motion to Adjust Credit for Time Served Pursuant to U.S.S.G. § 5G1.3(b)(1)(2)(c)" and was received by the Clerk on May 7, 2009. (D.E. 40.) In it, Allen requests that the Court credit or adjust his sentence in this criminal case to reflect certain months of time he spent in state custody. Specifically, Allen complains that, after being sentenced in the instant case in May 2004, he was ordered to a Texas state facility and has not been given credit against his federal sentence for any of the time spent in state custody while a federal detainer was lodged against him.

Allen's second motion is a motion for transcripts at government expense, in which he requests copies of all transcripts related to his detention hearing, his preliminary hearing and his trial. (D.E. 41.) He does not indicate why he seeks the transcripts.

For the reasons set forth herein, Allen's motion to adjust his sentence is denied and his motion for transcripts is denied without prejudice.

## I.  BACKGROUND

**A.     Criminal Proceedings**

The indictment in this case charged Allen with knowingly possessing a firearm while a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He filed a motion to suppress, alleging that the traffic stop that led to the discovery and seizure of the firearm was racially motivated.  (D.E. 12.)  He stipulated to many other facts in the case and agreed to waive his right to a jury trial, instead opting for a bench trial.  (D.E. 14, 21-24.)  The motion to suppress was heard by visiting United States District Judge Warren W. Eginton, and Judge Eginton denied the motion to suppress.  Judge Eginton then conducted a bench trial, at the conclusion of which he found Allen guilty.  (D.E. 21; see also D.E. 34-35, transcripts from motion to suppress hearing and bench trial.)

On April 27, 2004, the case was called for sentencing before the undersigned and the Court began to hear arguments concerning whether or not Allen was entitled to credit for acceptance of responsibility.  The Court ordered an official transcript so that it could review the testimony from the motion to suppress hearing and bench trial, and continued the sentencing.  (D.E. 32.)

On May 26, 2004, the case was called again for sentencing, and the Court ultimately concluded that Allen was entitled to an adjustment for acceptance of responsibility.  (D.E. 32.)  With acceptance, his total offense level was 23.  Coupled with his criminal history category of V, his resulting guideline range was 84 to 105 months. The Court sentenced him to 90 months in the custody of the Bureau of Prisons, to be followed by a three-year

supervised release term. (D.E. 36, 37.) The Court also imposed a $500 fine and a $100 special assessment. (D.E. 36, 37.) Judgment was entered against him on May 28, 2004. Allen did not appeal and had not filed any post-conviction motions until he filed the motions addressed herein.

**B.     Defendant's Allegations**

As noted, Allen's primary request is that the Court adjust or credit his federal sentence for time spent in state custody. Essentially, he argues that the offense for which he served time in state custody was the same as the instant offense, or resulted in the enhancement of his sentence for the instant offense, and that he should therefore receive credit for that time against his federal sentence.

According to Allen, he was transferred to federal custody on November 16, 2006 and the Bureau of Prisons has identified that date as the date his federal sentence began. His projected release date from BOP custody is June 9, 2013. (D.E. 40 at Exhibits.) Allen contends that he should be given credit toward his federal sentence for the time period beginning on the date the detainer was "enacted" through November 16, 2006, or, at the very least, from the date of his federal sentencing through November 16, 2006. He indicates that he was directed by the staff at his current place of incarceration to address this Court pursuant to "U.S.S.G. § 5G1.3(b)(1)(2)(c)" to receive his "missing credit." (D.E. 40 at 2.)

## II. ANALYSIS

**A.     Motion to Adjust Sentence**

As an initial matter, the Court must determine how to construe Allen's claim for relief. Allen does not appear to be challenging the manner in which the Bureau of Prisons is computing his sentence, which would be properly brought in a motion pursuant to 28 U.S.C. § 2241.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration"); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).  Thus, the Court does not construe his motion as a petition under § 2241.

Instead, Allen's repeated references to U.S.S.G. § 5G1.3 suggest that he is either: (1) alleging that the Court erred in failing to impose his sentence in this case to run concurrent with his anticipated state sentence; or (2) arguing that the Court should now adjust its judgment so as to render the two sentences concurrent or partially concurrent.  Neither allegation entitles him to relief.

### 1.     Court's Alleged Error At Sentencing

To the extent Allen is alleging the Court at erred at sentencing, this is a claim that he should have raised on direct appeal or by means of a motion to vacate, set side, or correct sentence pursuant to 28 U.S.C. § 2255.  As noted, Allen did not appeal.  He also has not filed a § 2255 motion and the time for doing so has now passed.

In any event, the Court has reviewed the record and finds no error. The general provision of the guideline that Allen relies upon, U.S.S.G. § 5G1.3,[1] provides guidance to a federal sentencing court as to whether a sentence should be imposed consecutive to or concurrent with an undischarged term of imprisonment. Allen argues that subsection (b) is applicable to his case and entitles him to a concurrent or partially concurrent sentence. Subsection (b) requires the imposition of concurrent sentences if a defendant is serving a term of imprisonment resulting "from another offense that is relevant conduct to the instant offense of conviction" and "that was the basis for an increase in the offense level for the instant offense under Chapter Two or Chapter Three." In this case, there was no relevant conduct attributed to Allen, so the subsection is inapplicable. (See generally PSR.)[2]

---

[1] Allen refers to language from the amended version of § 5G1.3, which was effective November 1, 2003. Allen's sentencing was governed by the 2003 edition of the guidelines (PSR at ¶ 12), which included the amended version of the provision.

[2] Subsection (b) is also inapplicable because Allen's offense level was not increased because of his state *offenses*. It appears that Allen is arguing that his state parole was revoked for the same *conduct* that resulted in his conviction in this case, or, at the very least, that his parole was revoked for *conduct* used to increase his offense level in this case. For example, his offense level was increased in this case pursuant to U.S.S.G. § 2K2.1(b)(5) because he possessed the firearm in connection with possession of a controlled substance. (See PSR at ¶ 15.) Even if his parole was revoked because he possessed a firearm and narcotics on the date of his arrest in the instant offense, U.S.S.G. § 5G1.3(b) would still be inapplicable. Under Section 5G1.3, Allen's state term of imprisonment imposed when his parole was revoked is considered to be for his underlying state offenses (possession of cocaine and burglary of a habitation, see PSR at ¶¶ 28, 30, 33), neither of which were taken into account in determining his offense level in this case. Put differently, it is irrelevant that his parole may have been revoked for the firearm and narcotics found on the date of his offense in the instant case and that the same conduct increased his offense level. See United States v. Fifield, 432 F.3d 1056, 1062-63 (9th Cir. 2005) ; see also United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991) ( addressing prior version of U.S.S.G. § 5G1.3 and stating that "our law is that if an offense is committed while a defendant is on parole, that offense is compared to the offense for which the defendant is on parole rather than to the acts constituting a violation of parole for purposes of 'the same transactions or occurrences' clause in guidelines § 5G1.3 (citation

Instead, Allen's case was governed by § 5G1.3(c), which allows a district court to impose a sentence that runs concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment. See United States v. Sheid, 248 Fed. Appx. 543 (5th Cir. 2007) (unpublished) (5G1.3(c) is applicable where the defendant was on state parole when the federal offense was occurred, even if the parole had not yet been revoked at the time of federal sentencing); see also U.S.S.G. § 5G1.3, cmt. 3(C) (Subsection (c) is applicable in cases in which the defendant was on state parole and has had such parole revoked; consecutive sentences are recommended).

The Court notes that the judgment in this case does not specify whether Allen's sentence is to run concurrent or consecutive to any anticipated state sentence. (See D.E. 37.) At the time of sentencing, however, the Court was aware that Allen had been arrested by state authorities on May 24, 2003 and brought through use of a writ into federal custody on December 30, 2003. (See Presentence Investigation Report ("PSR") at p. 1. The PSR also references the fact that there were pending parole violations against Allen in state court (PSR at ¶¶ 28, 30). Thus, the Court was aware of the pending state charges against Allen.[3]

---

omitted)); United States v. Garcia-Hernandez, 237 F.3d 105, 110 (2d Cir. 2000) ("[W]hen a criminal defendant is imprisoned as a result of his violation of the terms of his parole, the 'offense' that 'results' in his imprisonment is, for the purposes of § 5G1.3(b), the underlying prior offense of conviction, not the conduct violative of his parole conditions.").

[3] The Court has reviewed the digital recording of Allen's sentencing and no verbal references were made to the pending charges in state court. As noted herein, however, there were repeated references to them in the Presentence Investigation Report. The Court adopted the PSR with the sole exception of granting defendant an adjustment for acceptance of responsibility, which the PSR had recommended denying. The record fully supports, therefore, that the Court knew of the pending state charges and the fact that Allen was before the Court on a writ.

6

It is clear, in the Fifth Circuit at least, that the Court has authority to order that a federal sentence run either concurrent or consecutive to a yet-to-be imposed state sentence. The Fifth Circuit has stated:

> Although the plain language of [18 U.S.C.] § 3584 suggests that the district court is without discretion to order that a federal term of imprisonment run concurrent with a yet-to-be-imposed state sentence, we have found to the contrary. See United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.) (per curiam) (stating that under § 3584 the district court may order that a federal term of imprisonment run either concurrent with or consecutive to an anticipated state sentence).

United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000); see also United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001) (noting split in the circuits and that the Second, Fifth, Tenth, and Eleventh Circuits have concluded that a district court may impose a sentence to be served consecutively to a yet-to-be-imposed state sentence, while the Sixth, Seventh, and Ninth Circuits have concluded that it may not); United States v. Smith, 472 F.3d 222, 227 (4th Cir. 2006) (concluding that a district court may not impose a sentence to be served consecutively to any later imposed sentence).

The only remaining question, then, is whether the Court's silence in the judgment in this case means that the sentences run consecutively. On this issue, the Fifth Circuit has held as follows:

> Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different time, they will run consecutively *unless* the district court specifically orders that they run concurrently. 18 U.S.C. § 3584(a). ... A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively. Accordingly,

> [the defendant's] state and federal sentences ran consecutively, because the district court did not order otherwise.

Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original). See also 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Free involved a previously-imposed state sentence, and not an anticipated one, as in this case. The Fifth Circuit has not issued a published decision in which it applied the presumption of consecutive sentences in a case where the federal sentence was imposed and then a *subsequent* state sentence was imposed. Nonetheless, the combined force of Hernandez, Brown, and Free suggests that the presumption applies.[4] Moreover, at least one unpublished Fifth Circuit decision has so held. Aldridge v. Wendt, 149 Fed. Appx. 253, 2005 WL 2055929 (5th Cir. Aug. 26, 2005).[5] Lower courts within the Fifth Circuit have also applied the rule in Free to hold that the failure of the federal sentencing court to specify that the federal sentence is to run concurrently to an anticipated state sentence results in the designation of a consecutive sentence. See, e.g., United States v. Kellogg, 2006 WL

---

[4] Other circuits have reached the opposite conclusion, holding that the presumption of consecutive sentences from 18 U.S.C. § 3584 is inapplicable in cases where a federal court is sentencing a defendant that is also subject to an *anticipated* state sentence. See United States v. Quintero, 157 F.3d 1038, 1040-41 (6th Cir. 1998); United States v. Clayton, 927 F.2d 491, 492-93 (9th Cir. 1991); see also McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998) ("As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply.")

[5] The factual background of the case is set forth in the magistrate judge's recommendation, Aldridge v. Wendt, 2004 WL 1217934 (N.D. Tex. June 3, 2004), which was adopted by the district court, Aldridge v. Wendt, 2004 WL 1368275 (N.D. Tex. June 16, 2004).

1312479, *2 (W.D. La. May 11, 2006); Lisby v. Joslin, 2005 WL 3148607, *2 (N.D. Tex. Nov. 22, 2005).

In the absence of any published authority from the Fifth Circuit directing the Court on this issue, the Court concludes that Aldridge and the lower court decisions cited above are persuasive and consistent with Fifth Circuit authority. Thus, the silence of the judgment in the instant case implicates the rule in Free. Allen's federal sentence was ordered to run consecutively to his future state sentence or sentences, not concurrently.

### 2. Request to Adjust Sentence

Having determined that the judgment orders that Allen's sentence be served consecutive to any future state sentence, his request that this Court run the sentences concurrent can only be construed as a motion to alter or reduce his sentence. This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See 18 U.S.C. § 3582(c).

Allen fails to assert grounds for modification that fall into any of the categories. Therefore, the Court does not have authority to alter his sentence and his motion for a credit adjustment to his sentence, to the extent it seeks a change in his criminal sentence and judgment (D.E. 40) is DENIED.

**B.      Motion for Transcripts at Government Expense**

Also pending before the Court is Allen's motion for transcripts at government expense. (D.E. 41.) Assuming that Allen could establish that he is indigent,[6] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Allen does not have a pending suit before the Court. Accordingly, he fails to meet the statutory requirements for free transcripts or documents. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, Allen's motion for transcripts at government expense is DENIED WITHOUT PREJUDICE. If Allen is interested in receiving specific transcripts or documents at his own

---

[6] Allen has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Allen is, in fact, indigent.

expense, he may contact the Clerk to request them. To that end, the Clerk is directed to provide Allen with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

### III. CONCLUSION

For the foregoing reasons, Allen's motion to adjust his sentence (D.E. 40) is DENIED. His motion for transcripts at government expense (D.E. 41) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 29th day of May, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE